Opinion issued March 23, 2006



     











In The
Court of Appeals
For The
First District of Texas




NO. 01–05–00726–CR




EDWARD O’NEAL POWELL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 1032228




MEMORANDUM OPINION

          Edward O’Neal Powell, appellant, was charged by indictment with aggravated
robbery. Tex. Pen. Code Ann. § 29.03 (Vernon 2003). Appellant pleaded not guilty
to the charge and pleaded true to an enhancement. The jury found him guilty and,
after having found the enhancement allegation true, assessed punishment at 20 years’
confinement in prison.
          In one point of error, appellant argues that the evidence is factually insufficient
to support his conviction.
          We affirm.
Background
           Charles Patterson, complainant, is a distributor of Little Debbie products. On
September 30, 2004 at 6:30 a.m., Patterson drove his vehicle to his next stop—a
convenience store near the University of Houston. As Patterson neared the store, he
saw a maroon car pulling out of a parking space. Patterson waited on the street for
the car to leave. However, instead of leaving, the car backed up, giving Patterson
space to enter. Patterson then drove into the parking lot. The car never left.
          Patterson thought the situation felt strange, so he took his gun, a Beretta .9
millimeter, and tucked it into the back of his pants. He entered the store and took the
clerk’s order. He walked out to his vehicle to get the products. From the reflection
on the window in his vehicle, he saw a passenger get out of the maroon car and
approach him. The driver of the maroon car drove out of the parking lot and parked
the car on the street. Patterson turned around and saw the passenger approach him,
holding what Patterson described as either a .9 or a .45 millimeter gun.
          The passenger told Patterson to give him Patterson’s money. Patterson told the
passenger that he did not have any money. After the passenger had Patterson turn out
his pockets, the passenger demanded Patterson’s keys. Patterson refused. The
passenger looked away briefly, and Patterson took this opportunity to pull out his
own gun. This resulted in a standoff between the two. The driver of the car
approached. Patterson pointed his gun at the driver and told him to back up. The
driver walked back to the car. Slowly, the passenger began to back away toward the
car as well. As the passenger approached the car, Patterson thought he heard a shot. 
Patterson fired three times, shooting out the rear window of the car. The passenger
dropped to the ground as the car immediately drove away. The passenger got up, and
ran way.
          Patterson went inside the store and told the clerk to call the police. Before the
police arrived, the driver of the maroon car drove back into the parking lot. When the
police arrived, he complained about Patterson’s shooting out his rear window. After
the police viewed the surveillance videotape, which corroborated Patterson’s
explanation of events, the police took the driver into custody.
          Inside the car, the police found two photographs of the driver, appellant, and
two other men. The police also identified appellant’s palm print near the passenger
door on the car. About a month later, Officer Robert Sherrouse received an
anonymous telephone call. Based on the telephone call, appellant became a suspect
in the case. Officer Sherrouse created a photographic array containing a photograph
of appellant and five other similar-looking men. He presented the array to Patterson. 
Patterson identified appellant as the passenger who had attempted to rob him, saying
he was 90% sure that appellant was the assailant.
Factual Sufficiency
          In his sole point of error, appellant argues that the evidence is factually
insufficient to support his conviction.
A.     Standard of Review
          In a factual-sufficiency review, we view all of the evidence in a neutral light,
and we will set the verdict aside only if the evidence is so weak that the verdict is
clearly wrong and manifestly unjust, or the contrary evidence is so strong that the
standard of proof beyond a reasonable doubt could not have been met. Escamilla v.
State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144
S.W.3d 477, 481 (Tex. Crim. App. 2004)). Our evaluation may not intrude upon the
fact-finder’s role as the sole judge of the weight and credibility accorded any
witness’s testimony. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). 
The fact-finder alone determines what weight to place on contradictory testimonial
evidence, as it depends on the fact-finder’s evaluation of credibility and demeanor. 
Id. at 408. In conducting a factual-sufficiency review, we must discuss the evidence
that, according to appellant, most undermines the jury’s verdict. See Sims v. State,
99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
B.      Analysis
          Appellant argues that the evidence was factually insufficient to support the
finding that he was the passenger of the car who robbed Patterson. The following
evidence supported identifying appellant as the assailant: The two pictures in Ford’s
car showed appellant in similar clothing to what Patterson described the assailant as
wearing. Appellant’s palm print was located on the passenger side of Ford’s car. An
anonymous telephone call led Officer Sherrouse to place appellant’s picture in a
photographic array. Upon viewing the photographic array, Patterson identified
appellant as the assailant, saying he was 90% sure that appellant was the assailant.
          To counter this evidence, appellant’s primary argument is that because
Patterson had said he was 90% sure that appellant was the assailant, his identification
was not unequivocal, and therefore it was factually insufficient to support a
conviction. In support of his argument, appellant cites Johnson v. State, where the
Court of Criminal Appeals affirmed the Thirteenth Court of Appeals’ reversal of a
conviction because “[t]he in-court identification was not clear and unequivocal.” 23
S.W.3d 1, 6 (Tex. Crim. App. 2000) (quoting Johnson v. State, 978 S.W.2d 703, 707
(Tex. App.—Corpus Christi 1998, pet. granted)). In Johnson, an aggravated sexual
assault case, the complainant testified that she was positive that Johnson had been the
assailant, but she was not 100% positive. 23 S.W.3d at 5. The reasons that the
complainant was not sure were because it was dark, she had been blindfolded, the
assailant wore a ski mask most of the time, she was scared, and she never got a good
look at the assailant. Id. The reason that the complainant felt she was positive was
because there was “something in [Johnson’s] eyes.” Id. 
          The facts of this case are substantially different. Here, Patterson had a clear
view of appellant’s face for an extended period of time. The only qualification
Patterson gave was to say he was “90% sure.” This was not such an equivocal
statement as to render Patterson’s identification factually insufficient. Additionally,
Patterson identified appellant at trial without any equivocation.
          Appellant also focuses on the fact that there was another witness present that
gave a distinctly different description of the assailant than what Patterson gave. 
Clifford Hall testified for the defense. He was a witness at the scene, and gave a
statement to the police. While it is true that Hall’s description of the assailant was
different than Patterson’s, many other critical facts that Hall gave were different from
those given by Patterson and the testifying police officers and even from what the
surveillance videotape showed. Additionally, the evidence showed that Hall was then
serving time for possession with intent to deliver a controlled substance, and he
admitted to being convicted of a number of other felonies.
          The jury may believe all, some, or none of any witness’s testimony. Sharp v.
State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). Unless the available record
clearly reveals that a different result is appropriate, we defer to the jury’s
determination concerning the weight to place upon conflicting testimony, because
resolution of facts often turns on an evaluation of the credibility and demeanor of the
witnesses. Johnson, 23 S.W.3d at 8. Here, the jury chose to reject most, if not all, of
Hall’s testimony. The jury was well within its bounds to do so.
          Finally, appellant argues that there were inconsistencies between Patterson’s
description and appellant’s age and the assailant’s attire. Whatever inconsistencies
existed were not so pronounced as to render the verdict factually insufficient. We
hold that the evidence was factually sufficient to support appellant’s conviction.
          We overrule appellant’s sole point of error.

Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Taft, Higley, and Bland.

Do not publish. See Tex. R. App. P. 47.2(b).